THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUIS MIGUEL VIDAL-RODRÍGUEZ,**<br><br>*Plaintiff,*<br><br>v.<br><br>**MEC ENGINEERING PSC**,<br><br>*Defendant.* | Civil No. 23-01519 (MAJ) |

**OPINION AND ORDER**

**I.   Introduction**

Plaintiff Luis Miguel Vidal-Rodríguez ("Plaintiff") brings suit for alleged discriminatory employment practices under VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000-e-16, Americans with Disabilities Act of 1990, ("ADA") 42 U.S.C § 12101, et seq., Age Discrimination in Employment Act of 1967, as amended ("ADEA") 29 U.S.C § 621-634.[1] (**ECF No. 1 at 1**). Plaintiff's claims arise from actions purportedly taken by his former employer, MEC Engineering PSC ("Defendant"), due to Plaintiff's "gender, sexual orientation, age, and disability." *Id*.

Defendant counters with a Motion to Dismiss, positing that it does not meet the statutory definition of an "employer" due to having, at most, five employees within the relevant time frame. (**ECF No. 9 at 11**). Defendant maintains it "lacks the required [number] of employees to establish a valid cause of action under Title VII, ADA, and

---

[1]   Additionally, Plaintiff alleges violations of Puerto Rico Law Nos. 100, 80, and 44. (**ECF No. 1 at 11-12**).

ADEA". (**ECF No. 9 at 4, 8-11**). For that reason, Defendant argues Plaintiff's federal claims must be dismissed. (**ECF No. 9 at 4, 8-11**).[2]

In response, Plaintiff requests that the Court deny Defendant's Motion to Dismiss. (**ECF No. 10 at 2-3**). In the alternative, Plaintiff requests that the Court hold Defendant's Motion in abeyance and allow ninety days for conducting jurisdictional discovery related to the number of Defendant's employees, among other matters. *Id*.

For the reasons set forth below, Defendants' Motion to Dismiss (**ECF No. 9**) is **HELD IN ABEYANCE**, and the parties are granted **sixty (60) days** for limited jurisdictional discovery for the purposes of establishing the number of Defendant's employees during the relevant period of time.

## II. Discussion

A plaintiff who seeks jurisdictional discovery "must make 'a colorable claim of jurisdiction' and must show that it 'has been diligent in preserving [its] rights to be entitled to jurisdictional discovery.'" *Quincy Mut. Fire Ins. Co. et al., v. Hoverzon, LLC, et al.*, 23-cv-10347, 2024 WL 1007815, at *10 (D. Mass. Feb. 12, 2024) (quoting *Motus, LLC, v. CarData Consultants, Inc.*, 23 F.4th 115, 128 (1st Cir. 2022) (cleaned up). This includes the "obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 626 (1st Cir. 2001). The "colorable" threshold is "low"; the plaintiff "must identify a

---

[2] "Title VII defines employer to include certain persons who employ fifteen or more workers." *See* 2 U.S.C. § 2000e(b); *Fantini v. Salem State Coll.*, 557 F.3d 22, 29 (1st Cir. 2009). "[E]mployer" for purposes of ADA requires "15 or more employees" and "employer" for purposes of ADEA requires "twenty or more employees." 29 U.S.C. § 630(b)29; U.S.C. § 630(b); *Escribano-Reyes v. Pro. Hepa Certificate Corp.*, 817 F.3d 380, 384 (1st Cir. 2016).

non-frivolous dispute about facts that may yield a sufficient predicate for" jurisdiction. *Motus*, 23 F.4th at 118 (citing *Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008)).

In *Motus, LLC v. CarData Consultants, Inc*, the First Circuit made clear that "if a party anticipates that jurisdictional discovery may be needed," that request "for a court order must be made by motion [under] Fed. R. Civ. P. 7(b), and that an informal request for a court order ordinarily will not suffice." *Motus,* 23 F.4th 115 at 127-128 (citing 5 Charles Alan Wright, Arthur R. Miller & A. Benjamin Spencer, Federal Practice & Procedure Civil § 1191 (4th ed. 2021)). Still, "district courts have a certain amount of leeway to treat informal requests for jurisdictional discovery made in opposition papers as if made by motion when there is no prejudice to the other party." *Motus*, at 128. Nevertheless, "jurisdictional discovery is not available on demand." *Id*.

In the matter before this Court, Plaintiff has requested jurisdictional discovery to ascertain the actual number of Defendant's employees, challenging Defendant's claim of not being an "employer" under Title VII, the ADA, and the ADEA due to having fewer than the requisite number of employees. (**ECF No. 10**).

Drawing upon the principles established in *Motus, LLC v. CarData Consultants, Inc.*, the First Circuit has clarified that a request for jurisdictional discovery should be made through a formal motion rather than merely mentioned in an opposition brief. 23 F.4th 115, 128 (1st Cir. 2022). The request must explain why jurisdictional discovery is necessary and specify the information sought through the discovery process. *Id*. In this case, Plaintiff has made such a request, albeit in a manner less direct and formal than ideal; the motion is titled, "Plaintiff's Motion in Opposition/Response and/or For Limited Jurisdictional Discovery" (hereinafter the "Opposition Motion"). (**ECF No. 10**). Still, the Opposition Motion is strictly limited to discussion of the jurisdictional discovery issue

and explicitly requests "that the Court enter an order allowing a period of ninety (90) days to conduct limited discovery with respect to jurisdiction and corroborate the number of defendant's actual employees." (**ECF No. 10 at 3**).

Moreover, Plaintiff has provided a "colorable claim" of jurisdiction that directly challenges the factual basis of Defendant's assertion regarding the number of its employees. While not at all conclusive, Plaintiff has provided preliminary factual support to their claim by annexing a purported screenshot of Defendant's LinkedIn profile indicating a range of "11-50" employees. (**ECF No. 10-1**); *see United Kennedy v. Vickrey*, 23-cv-487, 2024 WL 232104, at *6 (D.N.H. Jan. 22, 2024) (quoting *Nordica USA Corp. v. Ole Sorensen*, 475 F. Supp. 2d 128, 134 (D.N.H. 2007) ("The motion [for jurisdictional discovery] must be timely and properly supported . . . must present facts to the court which show why jurisdiction would be found if discovery were permitted. Plaintiffs must specify the type of evidence they think they will find.")).

Plaintiff has not only articulated a clear basis for why jurisdictional discovery is appropriate but has also identified specific information he seeks to uncover (i.e., the actual number of Defendant's employees). *See Motus*, at 128 (affirming district court's denial of movant's request for jurisdictional discovery where request "comprised [of] a single conclusory sentence, accompanied by a footnote, and contained no indication of what facts might be developed through discovery" and movant's "utter failure to explain why jurisdictional discovery was appropriate and what relevant information it hoped to glean through such discovery.").

In accordance with this Court's "broad discretion" to evaluate requests for jurisdictional discovery, the Court hereby **GRANTS** Plaintiff's request for jurisdictional

discovery (**ECF No. 10**), allowing a period of **sixty (60) days** to conduct limited jurisdictional discovery concerning the number of Defendant's employees. *Motus*, at 128.

### III.  Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (**ECF No. 9**) is **HELD IN ABEYANCE**, and the parties have **sixty (60) days** from the date of this Order to conduct jurisdictional discovery.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of March 2024.

>  */s/ María Antongiorgi-Jordán*
>  **MARIA ANTONGIORGI-JORDÁN**
>  **UNITED STATES DISTRICT JUDGE**