**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **LUIS MIGUEL VIDAL-RODRÍGUEZ,**<br><br>*Plaintiff*,<br><br>v.<br><br>**MEC ENGINEERING PSC**,<br><br>*Defendant*. | Civil No. 23-01519 (MAJ) |

**OPINION AND ORDER**

**I.   INTRODUCTION**

On October 14, 2023, Plaintiff Luis Miguel Vidal-Rodríguez ("Plaintiff") filed suit against his former employer, MEC Engineering PSC ("Defendant"), due to alleged discriminatory employment practices. (**ECF No. 1**). Plaintiff's Complaint (the "Complaint") alleges violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, and Puerto Rico Law Nos. 44, 80, and 100. *Id*.

Defendant counters with a Motion to Dismiss, under Federal Rule of Civil Procedure 12(b)(6), (the "Motion"), contending Plaintiff has "failed to properly state a federal claim because Defendant is not an "employer" under Title VII, the ADA, and the ADEA. (**ECF No. 9 at 4-12**). Accordingly, Defendant moves the Court to dismiss Plaintiff's Complaint "in its entirety." *Id*. at 14.

After thoroughly reviewing the parties' submissions and as outlined below, the Court **GRANTS** Defendant's Motion to Dismiss. (**ECF No. 9**).

## II.     BACKGROUND

Plaintiff began working for Defendant as a design mechanical engineer on June 9, 2022. (**ECF No. 1 at 3**). Defendant is an engineering design firm. *Id*. at 4. After four and a half months on the job, Plaintiff was terminated on October 31, 2022. *Id*. at 3. Plaintiff, who was 53 years old at the time, alleges that prior to his termination, he was subjected to a hostile work environment and disparate treatment due to his gender, disability (diabetes and anxiety), and perceived sexual orientation. *Id*. at 3-4. He claims that while he was never given a personal improvement plan or progressive discipline, similarly, situated employees outside his protected classes were treated more favorably. *Id*. at 8. Plaintiff further asserts that after his sexual orientation became known to Defendant a few months into his employment, management sought to "exclude him" from the workplace. *Id*. at 9.

The Complaint alleges violations of Title VII, the ADA, and the ADEA. (**ECF No. 1**). Plaintiff claims he was wrongfully terminated on pretextual grounds. *Id*. He believes his termination was motivated by discriminatory animus based on his gender, age, disability, and sexual orientation. *Id*. Plaintiff also contends that he was replaced by a younger employee and that Defendant's stated reason for his discharge was merely a pretext for unlawful discrimination. *Id*.

Defendant's 12(b)(6) Motion contends that it had at most five employees on payroll during the relevant time period of Plaintiff's employment from June 9 to October 31, 2022. (**ECF No. 9 at 4**). Defendant argues this is insufficient to qualify as an employer under the federal anti-discrimination statutes. *Id*. at 4-11. In support Defendant offers payroll records "to determine who the defendant employed during the relevant time period." (**ECF No. 9 at 6-7; ECF No. 9-1**).

Plaintiff's Opposition to Defendant's Motion (the "Opposition") requests that the Court deny Defendant's Motion to Dismiss. (**ECF No. 10 at 2-3**). To support the denial of Defendant's Motion, Plaintiff states a "genuine controversy exists with respect to what defendant has claimed, as no official government document has been produced, corroborating defendant's naked assertion" that it is not an employer under Title VII, the ADA, and the ADEA. (**ECF No. 10 at 1**). Additionally, Plaintiff provided a screenshot of what purports to be Defendant's LinkedIn profile. (**ECF No. 10-1**). According to Plaintiff, this screenshot shows "Defendant's own LinkedIn profile online states it has between 11 to 50 employees." (**ECF No. 10 at 1**).

Plaintiff alternatively requested that the Court hold Defendant's Motion in abeyance and allow jurisdictional discovery related to the number of Defendant's employees. (**ECF No. 10**). The Court granted Plaintiff's request and set a period of 60 days, commencing on March 14, 2024, to conduct said discovery. (**ECF No. 22**). The Court ordered Plaintiff to file its supplementary opposition following the expiration of the 60-day period discovery period. (**ECF No. 23**). That deadline has since expired, and Plaintiff has neither filed supplemental briefing nor explained why he has failed to do so.

### III.   LEGAL STANDARD & APPLICABLE LAW

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12(b)(6), courts should "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48-49 (1st Cir. 2009). A plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain enough factual material

"to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

A complaint that rests on "bald assertions" and "unsupportable conclusions" will likely not survive a motion to dismiss. *See Alston v. Spiegel*, 988 F.3d 564, 573 (1st Cir. 2021). Bare factual assertions as to the elements of the cause of action are inadequate. *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id*. at 596.

When a defendant raises an affirmative defense that is obvious on the face of plaintiff's pleadings, and the court makes its ruling based only on those pleadings, the motion is treated as a Rule 12(b)(6) motion to dismiss. *Fudge v. Penthouse Intern*., 840 F.2d 1012, 1015 (1st Cir. 1988). If the court considers matters "outside" the pleadings, then this converts the motion to one for summary judgment under Fed. R. Civ. P. 56; *Puerto Rican–American Ins. Co. v. Benjamin Shipping Co*., 829 F.2d 281, 285 (1st Cir. 1987).

However, there is an exception for documents central to the plaintiffs claim or sufficiently referred to in the complaint, even if not physically attached, if their authenticity is not challenged. *Carrero-Ojeda v. Autoridad De Energía Eléctrica*, 755 F.3d 711, 717 (1st Cir. 2014).

A Court can also consider implications from documents incorporated into the complaint, and concessions in plaintiff's response to the motion to dismiss. *Olisky v. Town of E. Longmeadow*, 642 F. App'x 1, 3–4 (1st Cir. 2016); *Ibarra-Berrios v. ACI-HERZOG*, 19-cv-2102, 2020 U.S. Dist. LEXIS 230442, at \*6-7 (D.P.R. Dec. 8, 2020).

Title VII, the ADA, and the ADEA apply to employers meeting specific employee count thresholds. "Title VII defines 'employer' to include certain persons who employ fifteen or more workers." *See* 2 U.S.C. § 2000e(b); *Fantini v. Salem State Coll.*, 557 F.3d 22, 29 (1st Cir. 2009). "[E]mployer" for purposes of ADA requires "15 or more employees" and "employer" for purposes of ADEA requires "twenty or more employees." 29 U.S.C. § 630(b)29; U.S.C. § 630(b); *Escribano-Reyes v. Pro. Hepa Certificate Corp.*, 817 F.3d 380, 384 (1st Cir. 2016). The employer numerosity requirement of Title VII is not a jurisdictional requirement, but rather relates to the substantive adequacy of the plaintiff's claim. *See Miró-Martínez v. Blanco Vélez Store, Inc.*, 04-cv-2260, 2006 WL 2372023, at *2 (D.P.R. Aug. 14, 2006) (citing *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235, 1238–1239 (2006)). Moreover, a temporal requirement is necessary for a business to be considered an "employer," thus there must be "15 or more employees" for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See Escribano-Reyes v. Pro. Hepa Certificate Corp.*, 817 F.3d 380, 390 (1st Cir. 2016).

A defendant's "payroll records or comparable evidence of defendant's employment relationships" during the pertinent time can be "potentially conclusive evidence of whether defendant qualified as an 'employer' within the meaning of Title VII." *See Hoar v. Prescott Park Arts Festival, Inc.*, 39 F. Supp. 2d 109, 111 (D.N.H. 1997). Still "payroll records are not dispositive." *Vélez-Ruiz v. Centro Radiológico Rolón, Inc.*, 15-cv-1021, 2016 BL 425349, at *3 (D.P.R. Dec. 21, 2016) (citing *Escribano-Reyes v. Prof'l Hepa Certificate Corp.*, 817 F.3d 380, 388 (1st Cir. 2016)) (cleaned up).

## IV.  DISCUSSION

Turning to the Court's review of Defendant's payroll records, the following individuals are listed as Defendant's employees: Ferdinand Fábregas Berríos, ("Fábregas"); Eliam I. Gaud Nevárez, ("Gaud"); Luis M. Vidal Rodríguez, (Plaintiff); Octavio Rivera-Reyes, ("Rivera"); and Ruth F. Rodríguez-Falek, ("Rodríguez").

The records appear to show for the pay periods ending June 19, 2022, through August 14, 2022, Defendant employed three individuals, Fábregas, Gaud, and Plaintiff. (**ECF No. 9-1 at 1-12**). Starting with the period ending August 28, 2022, a fourth employee, Rivera appears on the payroll. *Id.* at 13-15. For the period ending October 23, 2022, a fifth employee Rodríguez-Falek is added. *Id.* at 21. In the final period provided ending November 6, 2022 (after Plaintiff's termination on November 31, 2022), all five employees are still listed. *Id.* at 23-24.

The records indicate the actual number of unique employees on payroll does not exceed five individuals at any given time. The records support Defendant's assertion that it employed no more than five individuals during the relevant period.

Indeed, Plaintiff's Opposition, does not dispute the authenticity of the records provided, but sought to "corroborate the number of defendant's actual employees" by way of additional "evidence relevant to the existence of jurisdiction." (**ECF No. 10 at 1-2**).[1] Failing to unearth additional evidence, the Court is left with only the payroll records Defendant provided. Those records substantiate Defendant's claim of having no more

---

[1] Moreover, Defendant's payroll records (**ECF No. 9-1**) are central to Plaintiff's claim Defendant is an "employer" under Title VII, the ADA, and the ADEA. Therefore, these documents effectively merge into the pleadings and can be reviewed by the Court in deciding Defendant's Motion under Rule 12(b)(6). *Carrero-Ojeda v. Autoridad De Energía Eléctrica*, 755 F.3d 711, 717 (1st Cir. 2014). Similarly, the LinkedIn profile, offered by Plaintiff, attempts to establish Defendant's status as an employer. (**ECF No. 10-1**).

than five employees during the relevant period. Title VII and the ADA require employers to have 15 or more employees, and the ADEA requires 20 or more employees.

Plaintiff has failed to offer any "competent evidence as to the nature of the employer-employee relationship." *Guzmán-Pérez v. Ojeda-Batista*, 19-cv-1766, 2024 WL 1635681, at *2 (D.P.R. Mar. 11, 2024) (explaining that plaintiffs could rely on the payroll method or evidentiary submissions revealing that once the common law agency principles were applied, an employer-employee relationship was in play).

The Court finds the screenshot of what purports to be Defendant's LinkedIn page too tenuous to be considered "competent evidence," as anyone can setup a LinkedIn page masquerading as another's business. *Parker v. Alcon, Inc.*, 20-cv-01894, 2021 WL 4941795, at *1 (N.D. Ala. Oct. 22, 2021), *aff'd sub nom.*, *Parker v. Alcon Mgmt. S.A.*, 21-14068, 2022 WL 3905872 (11th Cir. Aug. 31, 2022) (skeptical screenshots of defendant's purported "LinkedIn profile" would suffice "as proof" to substantiate plaintiff's argument defendant "had a large sales force in Alabama."); *Sheeran v. Blyth Shipholding S.A.*, 14-cv-5482, 2017 WL 1157847, at *6 (D.N.J. Mar. 27, 2017) (finding LinkedIn profiles inadmissible and insufficient to create a material dispute of fact where plaintiff provided LinkedIn.com profile screenshots of two individuals who were purported to be employees of a business.)

Moreover, Plaintiff's evidence is insufficient to satisfy the temporal requirement in the definition of "employer," as there are no dates offered for the LinkedIn screenshot. Namely that Defendant had fifteen (or twenty) "or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See Escribano-Reyes v. Pro. Hepa Certificate Corp.*, 817 F.3d 380, 390 (1st Cir. 2016).

Additionally, Plaintiff had the opportunity to unearth additional evidence regarding Defendant's number of employees. Failing to apprise the Court of its findings or even request additional time for jurisdictional discovery, the Court interprets Plaintiff's inaction as their inability to find any evidence that contradicts the payroll records offered by Defendant. *Escribano-Reyes v. Pro. Hepa Certificate Corp.*, 817 F.3d 380 at 390 (noting plaintiff "had ample opportunity during discovery to obtain more evidence about the employees identified on his list or on the topic of the number of employees, yet failed to do so."). Thus, the Court has before it just the payroll records Defendant did provide.[2]

The Court concludes that Plaintiff has failed to meet his burden in showing that Defendant fits the statutory definition of an "employer" under Title VII, the ADA, and the ADEA. *See Escribano-Reyes*, at 388–89 (noting because "[t]he employment relationship is most readily demonstrated by [an] individual's appearance on the employer's payroll" and plaintiff "did not provide any payroll evidence beyond the documents that [defendant] had already submitted" decision was warranted in defendant's favor); *see also Guzmán-Pérez v. Ojeda-Batista*, 19-cv-1766, 2023 U.S. Dist. LEXIS 202352, at *7-8 (D.P.R. Nov. 9, 2023) (granting summary judgment in favor of defendants where plaintiff under the ADEA and Title VII failed to satisfy their burden as plaintiff "did not provide any payroll evidence to show that the individuals they mentioned . . . were employees" and plaintiffs "were allowed ample time to conduct discovery and procure, for example,

---

[2] The Court also rejects Plaintiffs contention that a "genuine controversy exists with respect to what defendant has claimed, as no official government document has been produced, corroborating defendant's naked assertion" that it is not an employer. The Court is left wondering what "government document" would substantiate Defendant or any business for that matter is *not* an "employer" under the relevant federal laws. Plaintiff's reasoning here is a type of argument known as *argumentum ad ignorantiam*, where a proponent "argues that something is true because it has not been proved false, or false because it has not been proved true. *Warner v. Talos ERT LLC*, 18-cv-01435, 2022 WL 17586393, at *3 (W.D. La. Dec. 12, 2022). This reasoning erroneously shifts the burden of proof to Defendant and assumes that the absence of evidence is evidence of absence.

copies of employee payrolls. They could have also deposed somebody that was knowledgeable as to that information. But . . . they did not do so.").

As a result, Plaintiff's claims under Title VII, the ADA, and the ADEA are **DISMISSED** for failure to state a claim. *See Sierra v. Periódico La Perla Del Sur*, 842 F. Supp. 612, 613 (D.P.R. 1994) (granting defendant's motion to dismiss where defendant contended [it] did not employ the requisite minimum number of employees" under Title VII.).

The Court declines to exercise supplemental jurisdiction over the remaining state law claims, given Plaintiff's federal claims are dismissed early in these nascent proceedings. *Wilber v. Curtis*, 872 F.3d 15, 23 (1st Cir. 2017) (if no federal claim remains— remaining state law claims are "better addressed by the state courts.").

## V. CONCLUSION

In light of the evidence presented, the Court finds that Plaintiff has failed to meet his burden of proving that Defendant qualifies as an "employer" under Title VII, the ADA, and the ADEA. Consequently, Plaintiff's federal claims are dismissed for failure to state a claim, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, Defendant's Motion to Dismiss (**ECF No. 9**) is **GRANTED** and Plaintiff's Complaint is **DISMISSED** *with prejudice.* (**ECF No. 1**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of June, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**