THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUIS MIGUEL VIDAL-RODRÍGUEZ,**<br><br>*Plaintiff,*<br><br>v.<br><br>**MEC ENGINEERING PSC**,<br><br>*Defendant.* | Civil No. 23-01519 (MAJ) |

## OPINION AND ORDER

### I. INTRODUCTION

Before the Court is Luis Miguel Vidal-Rodríguez's ("Plaintiff") "Motion to Set Aside Judgment" (**ECF No. 30**), seeking to set aside the Court's Order (**ECF No. 28**) and Judgment (**ECF No. 29**) dismissing the case with prejudice, entered on June 14, 2024. Plaintiff's Motion to Set Aside Judgment under Federal Rule of Civil Procedure 60(b) (the "Motion") contends that he was diligent in seeking jurisdictional discovery from MEC Engineering PSC ("Defendant") and therefore, was "surprised" by the Court's ruling dismissing the case before Defendant provided the requested information. (**ECF No. 30**). For the reasons stated hereafter, Plaintiff's Motion under Federal Rule of Civil Procedure 60(b) is **DENIED**.

### II. DISCUSSION

A court may set aside a judgment under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") on grounds such "surprise"; "newly discovered evidence"; "fraud"; or "any other reason that justifies relief." *United States v. Lang*, 21-mc-0074, 2023 U.S. Dist. LEXIS 164600, at *4-5 (D.P.R. Aug. 25, 2023); Fed. R. Civ. P. 60(b)(1)-(6). However, relief under Rule 60(b) is extraordinary and should be granted sparingly. *Unibank for*

*Sav. v. 999 Private Jet, LLC*, 31 F.4th 1, 8 (1st Cir. 2022); *see also Dávila-Álvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001) (noting 60(b) motions should only be granted "under exceptional circumstances" as the First Circuit "has taken a harsher tack" compared to other courts.).

Because Rule 60(b) is a vehicle for extraordinary relief, to justify such relief, a party should be "faultless in the delay" for excusable neglect. *Urban Fin. of Am. LLC v. De Jesús-Rosario*, 365 F. Supp. 3d 237, 240 (D.P.R. 2019) (quoting *Dávila-Álvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58 at 64 and citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, (1993)).

Here, the Court finds Plaintiff's Rule 60(b) arguments wholly unconvincing, as Plaintiff is far from "faultless in the delay" in its non-compliance with the Court's jurisdictional discovery Order. *See* (**ECF No. 22**); *Urban Fin. of Am. LLC v. De Jesús-Rosario*, 365 F. Supp. 3d 237 at 240.

To elaborate, on March 14, 2024, the Court issued an Order holding in abeyance Defendant's "Motion to Dismiss for Failure to State a Claim." (**ECF No. 22**). Specifically, the Order stated:

> The parties are granted a period of sixty (60) days, commencing on March 14, 2024, to conduct jurisdictional discovery concerning the number of Defendant's employees, concurrently with ongoing discovery. Defendant's Motion to Dismiss (ECF No. 9) is HELD IN ABEYANCE pending completion of jurisdictional discovery. ***Accordingly, Plaintiff shall supplement their Opposition to Defendant's Motion to Dismiss at ECF No. 10 by 5/24/2024***.

(**ECF No. 22**) (emphasis added). That deadline lapsed without Plaintiff submitting supplemental briefing or justifying his inaction. Accordingly, the Court addressed the

pending Motion to Dismiss based on the record before it and dismissed Plaintiff's employment discrimination suit. (**ECF Nos. 28, 29**).

In moving the Court to set aside the judgment, Plaintiff states he was "diligent in procuring information from defendant which is relevant to jurisdictional issues and defendant not only failed to respond within reasonable time, but on two occasions sought to delay requested production, therefore, plaintiff was taken by surprise by the Court's ruling "dismissing his case prematurely." (**ECF No. 30 at 1**). However, Plaintiff had ample time to "obtain [the] information necessary" for jurisdiction and, at the very least, notify the Court of Defendant's purported "stone wall[ing]." *Id.*; *see Escribano-Reyes v. Pro. Hepa Certificate Corp.*, 817 F.3d 380, 390 (1st Cir. 2016) (noting plaintiff "had ample opportunity during discovery to obtain more evidence about the employees identified on his list or on the topic of the number of employees, yet failed to do so.").

Moreover, Plaintiff's exhibit submitted in support of his Rule 60(b) Motion highlights his awareness of the Court's Order he ultimately failed to comply with. (**ECF No. 30-1**); *see Torres-Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005) (upholding dismissal of plaintiff's action with prejudice where plaintiff failed to comply with "an unambiguous court order" regarding discovery). For instance, in an email dated April 30, 2024, Plaintiff's Counsel stated to Defendant's Counsel "considering the Court Order granting plaintiff until 5/24/2024 to supplement his opposition to defendant's motion to dismiss, we ask defendant to respond by said date, otherwise, plaintiff reserves the right to ask the Court to continue to hold defense's motion in abeyance and/or grant plaintiff an extension, if defendant fails to respond." *Id*. at 1.

On May 24, 2024, the very day the jurisdictional discovery deadline was set to expire, Defense Counsel emailed Plaintiff's Counsel at 5:45 am requesting "additional

time to respond to the instant interrogatories and document request," stating he could provide them within "2 weeks." *Id*. Surprisingly, Plaintiff took no action, despite this clear indication that he would be unable to comply with the Court ordered deadline. *Id*.

After the May 24, 2024, deadline had expired, two weeks passed, and Plaintiff's Counsel, still blissfully unperturbed by the glaring absence of his supplemental brief opposing the Motion to Dismiss, received another email from Defense Counsel. (**ECF No. 30-1**). This time, Defense Counsel indicated he needed until "June 25, 2024"—more than a month after the Court-Ordered deadline expired—to supply the requested information. *Id*. Yet again, Plaintiff remained inexplicably passive without so much as a peep to the Court. He did not move the Court to extend the abeyance over the now active Motion to Dismiss, extend the jurisdictional deadline, or even ask the Court to compel discovery.

As the Court's Order made clear, Defendant's Motion to Dismiss was "HELD IN ABEYANCE pending completion of jurisdictional discovery" with a fixed date of May 24, 2024. (**ECF No. 22**). Following this date, Defendant's Motion was no longer held in abeyance and came under active consideration by the Court. As is its duty, the Court ruled on Defendant's Motion to Dismiss with the record before it.[1] This Court is neither omniscient nor clairvoyant, and cannot be expected to consider Plaintiff's unvoiced claims that Defendant stymied Plaintiff's jurisdictional discovery requests before ruling on a dispositive motion. *See United States v. Castillo-de Los Santos*, 132 F.3d 30 (1st Cir. 1997) (ruling on appeal the district court cannot be required to be "clairvoyant" where defendant "did not inform the [district] court of the factual predicate of his present

---

[1] The Court issued its Opinion and Order granting Defendant's Motion to Dismiss three weeks after the expiration of the jurisdictional deadline, on June 14, 2024. Plaintiff waited until June 21, 2024 — a full week after the Court had already dismissed the action — to file the current Motion.

argument" therefore he "did not "preserve the objection" on appeal); *United States v. Díaz-Colón*, 21-cr-017, 2023 WL 3321488, at *10 (D.P.R. May 9, 2023) (the "Court is not clairvoyant.").

Nor is this Court a custodian of Plaintiff's case. As aptly noted in *Betancourt v. Toledo*, 199 F.R.D. 447, 447 (D.P.R. 2001), this Court does not "function as a plaintiff's babysitter" and "there is no place for plaintiffs who sit back." *See also Jardines Ltd. Pshp. v. Exec. Homesearch Realty Servs.*, 178 F.R.D. 365, 367 (D.P.R. 1998) ("It is not the Court's responsibility to function as [plaintiff's] babysitter."). The responsibility to diligently pursue and report on jurisdictional discovery rests squarely on Plaintiff's shoulders, not on this Court's docket management practices, particularly in the face of the Court's March 14 Order. *See* (**ECF No. 22**); *Torres-Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005) ("it is settled law that a party flouts a court order at his peril); *see e.g., Rosario-Díaz v. González*, 140 F.3d 312, 315 (1st Cir. 1998); *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

If the Court assumes Plaintiff's claims of Defendants' non-compliance with discovery requests are true, then Counsel should have acted. Failure to do so was at his peril. When the 60 days expired and the consequences became irreversible, Plaintiff's alleged surprise at the fatal outcome is neither credible nor excusable. *See Urban Fin. of Am. LLC v. De Jesús-Rosario*, 365 F. Supp. 3d 237, 241 (D.P.R. 2019) (noting "[p]laintiff's apology is not accepted" where plaintiff's Rule 60(b) motion proffered "sincere apologies" for failing to comply with a court order. The court observed that plaintiff's counsel's claim of lacking notice of the case's precarious status until it was too late amounted to an admission of being "lackadaisical." This occurred in a situation where a dispositive motion

had been held in abeyance and plaintiff's counsel had not pursued the case with diligence). Simply put, plaintiff cannot ignore the Court's Order imposing a deadline tied to a dispositive motion and expect his case to survive dismissal.

In short, the Court is not persuaded there is any reason that would justify the extraordinary relief provided by Rule 60(b). Accordingly, the Court hereby **DENIES** Plaintiff's Motion to Set Aside Judgment. (**ECF No. 30**).

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Set Aside Judgment (**ECF No. 30**) is **DENIED**. The Court finds no justification for the extraordinary relief sought under Rule 60(b).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of July, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**